IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ST. JOHN PROPERTIES, INC.<br>25690 Lord Baltimore Drive<br>Baltimore, MD 21209<br><br>and<br><br>BESTGATE CORPORATE CENTER, LLC<br>25690 Lord Baltimore Drive<br>Baltimore, MD 21209<br><br>    *Plaintiffs,*<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY<br>P.O. Box 41484, TL14F<br>Philadelphia, PA 19101<br><br>    <u>SERVE ON</u>:<br><br>MARYLAND INSURANCE ADMINISTRATION<br>200 St. Paul Place, Suite 2700<br>Baltimore, MD 21202<br><br>    *Defendant.* | Civil Action No. _____ |

## **COMPLAINT**

Plaintiffs, St. John Properties, Inc. ("St. John") and Bestgate Corporate Center, LLC ("Bestgate"), by and through their undersigned counsel, Andrew T. Stephenson, Renee L. Bowen, and Franklin & Prokopik, P.C., hereby bring this Complaint against Defendant ACE American Insurance Company ("Defendant"), seeking a declaratory judgment as outlined herein, stating as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. St. John is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located in Baltimore, Maryland.

2. Bestgate is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business located in Baltimore, Maryland.

3. Defendant is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania.

4. Defendant is in the business of underwriting and issuing insurance policies for premiums paid and is authorized and routinely issues insurance policies in the State of Maryland.

5. This action concerns the obligations and duties owed under an insurance policy issued by Defendant and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as complete diversity exists between the Plaintiffs and Defendant and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

7. Venue is proper under 28 U.S.C. § 1391 as Defendant regularly conducts its business in Maryland and the subject insurance policy was issued in Maryland.

8. There exists an actual, justiciable controversy between the parties, in that St. John and Bestgate (collectively "Plaintiffs") contend that a policy of insurance underwritten and issued by Defendant affords a defense and coverage to Plaintiffs on a primary, noncontributory basis in relation to an incident that took place on June 28, 2018 (the

"Occurrence") and which is the subject of two (2) lawsuits pending in the Circuit Court for Anne Arundel County under case numbers C-02-CV-21-000823 and C-02-CV-21-000820 (collectively the "Tort Cases").

## THE OCCURRENCE

9. At all times pertinent, Bestgate was the owner of an office building located at 888 Bestgate Road, Annapolis, Maryland 21401 (the "Property").

10. At all times pertinent, Bestgate engaged St. John as its agent to manage the Property.

11. On June 20, 2014, the Baltimore Sun Company, LLC (the "Baltimore Sun") entered into a Full Service Office Building Lease Agreement (the "Lease") with St. John, as agent for Bestgate, for a portion of the Property known as suite 104 (the "Leased Premises").

12. The initial term of the Lease was for a period of five (5) years.

13. Pursuant to the Lease, the Baltimore Sun was required to maintain a policy of commercial general liability insurance that included, *inter alia*, contractual liability coverage, premises and operations coverage, and personal injury liability coverage with limits of no less than Two Million Dollars ($2,000,000.00) per occurrence.

14. The Lease required the Baltimore Sun's commercial general liability insurance policy to name Plaintiffs as an additional insured and to be primary to, and noncontributory with, Plaintiffs' insurance coverage, with the Lease stating, in pertinent part:

> All such insurance shall…name the building-owner (Bestgate Corporate Center, LLC) and St. John Properties, Inc. their respective officers, partners, employees, agents, representatives and any other party held harmless under the terms of any written

> contract or agreement with [St. John] pertaining to this Lease and/or to the Premises and the holder of any Mortgage as Additional Insureds for the acts or omissions of [the Baltimore Sun] or others acting on behalf of [the Baltimore Sun].

15. The Lease also required the Baltimore Sun to indemnify Plaintiffs for any incidents arising out of the Baltimore Sun's acts or omissions, occupancy of the Premises, or obligations under the Lease, stating, in pertinent part:

> To the fullest extent permitted by law, [the Baltimore Sun] shall indemnify and hold harmless [Plaintiffs], [their] partners, employees, agents, representatives and any other party required to be indemnified and/or held harmless under the terms of any written contract or agreement with [Plaintiffs] pertaining to this Lease and/or to the Premises, from and against all claims, damages, losses, costs and/or expenses, including, but not limited to attorneys' fees, arising out of or resulting from [the Baltimore Sun]'s acts or omissions, occupancy of the Premises or obligations under this Lease…

16. The Occurrence involved death and injury to numerous employees of the Baltimore Sun when a gunman, Jarrod Ramos, entered the Leased Premises and began shooting.

17. The Complaints in the Tort Cases allege that the reason Mr. Ramos entered the Leased Premises and began shooting was because he was "[e]nraged by what he viewed to be a disparaging article about him, published by" the Baltimore Sun.

## THE INSURANCE POLICY

18. Defendant underwrote and issued a policy of Commercial General Liability Insurance, Policy No. HDOG27869701, having an effective policy period of August 4, 2017 to August 24, 2018 (the "Policy") to its named insured, the Baltimore Sun.

19. The Policy provides up to One Million Dollars ($1,000,000.00) of liability insurance per occurrence for bodily injury to which the policy applies.

20. On August 4, 2017, Defendant, through its agents, issued a Certificate of Liability Insurance to Bestgate confirming that both Bestgate and St. John were named additional insureds under the Policy. The Certificate of Liability Insurance states, in pertinent part:

> Bestgate Corporate Center, LLC and St. John Properties, Inc. are additional insureds as respects their interest as landlord of the premises leased by The Baltimore Sun, in accordance with the terms and conditions of the policy.

21. The Occurrence took place during the Policy period.

### THE TORT CASES

22. On June 24, 2021, the eligible beneficiaries of numerous employees of the Baltimore Sun and/or its affiliates who were killed in the Occurrence and several employees who were present for and survived the Occurrence filed the Tort Cases seeking damages from St. John, Bestgate, the Baltimore Sun, and numerous other defendants for damages allegedly arising out of the Occurrence.

23. The causes of action in the Tort Cases against St. John and Bestgate consist of wrongful death, survival action, and negligence based in premises liability.

24. At all times pertinent to the Tort Cases, the Baltimore Sun leased the Leased Premises under the valid and enforceable Lease.

25. At all times pertinent to the Tort Cases, the Lease required the Baltimore Sun to name St. John and Bestgate as additional insureds under the commercial general liability insurance policy issued by Defendant.

26. The Lease is an insured contract under the Policy.

27. Pursuant to the Lease, the Baltimore Sun is required to indemnify, defend, and hold harmless St. John and Bestgate for all claims, expenses, and costs, including attorneys' fees, for the Occurrence.

28. Pursuant to the Lease and their additional insured status under the Policy, St. John and Bestgate tendered their defense in the Tort Cases to Defendant.

29. Defendant denied the tender request and refused to provide a defense to Plaintiffs in the Tort Cases or provide indemnification related to the Occurrence.

30. As a result of Defendant's refusal to provide a defense and indemnification despite the fact that St. John and Bestgate are additional insureds under the Policy and the fact that the Lease is an insured contract under the Policy, St. John and Bestgate have incurred, and continue to incur, attorneys' fees and other costs related to the Occurrence and the Tort Cases.

## COUNT I- DECLARATORY JUDGMENT

31. St. John and Bestgate hereby incorporate Paragraphs 1 through 30 of this Complaint as if fully stated herein.

32. There exists an actual and justiciable controversy between Plaintiffs and Defendant concerning Plaintiffs' status as additional insureds under the Policy and the requirement for Defendant to provide a defense and indemnification to Plaintiffs as a result of the Occurrence and the Tort Cases.

33. Plaintiffs contend that the Policy applies to provide a defense and coverage for Plaintiffs on a primary, noncontributory basis and that Defendant is therefore required to defend Plaintiffs in the Tort Cases and indemnify Plaintiffs for any and all losses arising out of the Occurrence and the Tort Cases.

34. Defendant contends that the Policy does not require Defendant to provide a defense, coverage, or indemnification to Plaintiffs.

35. Plaintiffs seek a declaratory judgment to promptly and definitively resolve the Parties' controversy. The judgment requested by Plaintiffs will serve a useful purpose in clarifying and settling the dispute at issue and will provide relief from the uncertainty and controversy giving rise to this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs St. John Properties, Inc. and Bestgate Corporate Center, LLC respectfully pray for judgment against Defendant ACE American Insurance Company as follows:

A. Declaratory judgment declaring that St. John Properties, Inc. and Bestgate Corporate Center, LLC are additional insureds under the Policy;

B. Declaratory judgment declaring that Defendant is required to provide a defense to St. John Properties, Inc. and Bestgate Corporate Center, LLC in the Tort Cases;

C. Declaratory judgment declaring that Defendant is required to provide insurance coverage to St. John Properties, Inc. and Bestgate Corporate Center, LLC in the Tort Cases and with respect to the Occurrence;

D. Declaratory judgment declaring that Defendant is required to indemnify St. John Properties, Inc. and Bestgate Corporate Center, LLC for all damages, costs, expenses, and attorneys' fees arising out of the Occurrence and the Tort Cases;

E. Declaratory judgment declaring that the Policy provides coverage to St. John Properties, Inc. and Bestgate Corporate Center, LLC on a primary, noncontributory basis for the Occurrence and the Tort Cases;

F.   Declaratory judgment declaring that the Lease is an insured contract under the Policy;

G.   For an award in favor of St. John Properties, Inc. and Bestgate Corporate Center, LLC for all recoverable costs of suit, including reasonable attorney's fees, incurred herein; and

H.   For any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____/s/_Renee L. Bowen_____
Andrew T. Stephenson, Esq. (#26504)
Renee L. Bowen, Esq. (#19623)
Franklin & Prokopik
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-3943
(410) 752-6868 (fax)
astephenson@fandpnet.com
rbowen@fandpnet.com
*Attorneys for Plaintiffs*