**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ST. JOHN PROPERTIES, INC.<br>25690 Lord Baltimore Drive<br>Baltimore, MD 21209<br><br>and<br><br>BESTGATE CORPORATE CENTER, LLC<br>25690 Lord Baltimore Drive<br>Baltimore, MD 21209<br><br>    *Plaintiffs,*<br><br>v.<br><br>ACE AMERICAN INSURANCE<br>COMPANY<br>P.O. Box 41484, TL14F<br>Philadelphia, PA 19101<br><br>    SERVE ON:<br>    MARYLAND INSURANCE<br>    ADMINISTRATION<br>    200 St. Paul Place, Suite 2700<br>    Baltimore, MD 21202<br><br>TRAVELERS PROPERTY CASUALTY<br>COMPANY OF AMERICA<br>One Tower Square<br>Hartford, CT 06183<br><br>    SERVE ON:<br>    MARYLAND INSURANCE<br>    ADMINISTRATION<br>    200 St. Paul Place, Suite 2700<br>    Baltimore, MD 21202<br><br>    *Defendants.* | Civil Action No. 1:22-cv-01506-LKG |

## AMENDED COMPLAINT

Plaintiffs, St. John Properties, Inc. ("St. John") and Bestgate Corporate Center, LLC ("Bestgate"), by and through their undersigned counsel, Renee L. Bowen and

Franklin & Prokopik, P.C., hereby bring this Amended Complaint against Defendants ACE American Insurance Company ("Defendant ACE") and Travelers Property Casualty Company of America ("Defendant Travelers") seeking a declaratory judgment as outlined herein, stating as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. St. John is a corporation organized and existing under the laws of Maryland, with its principal place of business located in Baltimore, Maryland.

2. Bestgate is a limited liability company organized and existing under the laws of Maryland, with its principal place of business located in Baltimore, Maryland.

3. Defendant ACE is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania.

4. Defendant ACE is in the business of underwriting and issuing insurance policies for premiums paid and is authorized to and routinely issues insurance policies in the State of Maryland.

5. Defendant Travelers is a corporation organized and existing under the laws of Connecticut, with its principal place of business located in Hartford, Connecticut.

6. Defendant Travelers is in the business of underwriting and issuing insurance policies for premiums paid and is authorized to and routinely issues insurance policies in the State of Maryland.

7. This action concerns the obligations and duties owed under insurance policies issued by Defendant ACE and Defendant Travelers (collectively "Defendants") and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as complete diversity exists between St. John and Bestgate (collectively the "Plaintiffs") on the one hand and Defendants on the other, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. Venue is proper under 28 U.S.C. § 1391 as Defendants regularly conduct business in Maryland.

10. There exists an actual, justiciable controversy between the Parties, in that Plaintiffs contend that the policies of insurance underwritten and issued by Defendants afford a defense and coverage to Plaintiffs on a primary, noncontributory basis in relation to an incident that took place on June 28, 2018 (the "Occurrence") and which is the subject of two (2) lawsuits pending in the Circuit Court for Anne Arundel County under case numbers C-02-CV-21-000823 and C-02-CV-21-000820 (collectively the "Tort Cases"). Defendants have declined to provide Plaintiffs with a defense in the Tort Cases and have asserted that Defendants are not required to provide coverage to Plaintiffs for the Occurrence.

## THE OCCURRENCE

11. At all times pertinent, Bestgate was the owner of an office building located at 888 Bestgate Road, Annapolis, Maryland 21401 (the "Property").

12. At all times pertinent, Bestgate engaged St. John as its agent to manage the Property.

13. On June 20, 2014, the Baltimore Sun Company, LLC (the "Baltimore Sun") entered into a Full Service Office Building Lease Agreement (the "Lease") with St. John, as agent for Bestgate, for a portion of the Property known as suite 104 (the "Leased

Premises").

14. The initial term of the Lease was for a period of five (5) years and was in effect at the time of the Occurrence.

15. Pursuant to the Lease, the Baltimore Sun was required to maintain commercial general liability insurance that included, *inter alia*, contractual liability coverage, premises and operations coverage, and personal injury liability coverage with limits of amounts typically carried by prudent businesses in similar operations, but in no event limits of less than Two Million Dollars ($2,000,000.00) per occurrence.

16. The Lease required the Baltimore Sun's commercial general liability insurance policies to name Plaintiffs as additional insureds and to be primary to, and noncontributory with, Plaintiffs' insurance coverage. Specifically, the Lease states, in pertinent part:

> All such insurance shall…name the building-owner (Bestgate Corporate Center, LLC) and St. John Properties, Inc. their respective officers, partners, employees, agents, representatives and any other party held harmless under the terms of any written contract or agreement with [St. John] pertaining to this Lease and/or to the Premises and the holder of any Mortgage as Additional Insureds for the acts or omissions of [the Baltimore Sun] or others acting on behalf of [the Baltimore Sun].

17. The Lease also required the Baltimore Sun to indemnify Plaintiffs for any incidents arising out of the Baltimore Sun's acts or omissions, occupancy of the Premises, or obligations under the Lease, stating, in pertinent part:

> To the fullest extent permitted by law, [the Baltimore Sun] shall indemnify and hold harmless [Plaintiffs], [their] partners, employees, agents, representatives and any other party required to be indemnified and/or held harmless under the terms of any written contract or agreement with [Plaintiffs] pertaining to this Lease and/or to the Premises, from and against all claims, damages, losses, costs and/or expenses, including, but not limited to attorneys' fees, arising out of or resulting from [the Baltimore

>   Sun]'s acts or omissions, occupancy of the Premises or obligations under this Lease…

18. The Occurrence involved death and injury to numerous employees of the Baltimore Sun when a gunman, Jarrod Ramos, entered the Leased Premises and began shooting.

19. The Complaints in the Tort Cases allege that the reason Mr. Ramos entered the Leased Premises and began shooting was because he was "[e]nraged by what he viewed to be a disparaging article about him, published by" the Baltimore Sun.

20. The Baltimore Sun and its employees, as alleged in the complaints in the Tort Cases, were the known targets of Mr. Ramos' rage and the resulting Occurrence.

21. The Occurrence arose out of the Baltimore Sun's "occupancy of the Premises", requiring the Baltimore Sun to defend, indemnify, and hold harmless Plaintiffs from and against all claims arising out of the Occurrence, including, but not limited to, the claims, costs, expenses, and fees associated with the Tort Cases.

## THE ACE INSURANCE POLICY

22. Defendant ACE underwrote and issued a policy of Commercial General Liability Insurance, Policy No. HDOG27869701, having an effective policy period of August 4, 2017 to August 24, 2018 (the "ACE Policy") to its named insured, the Baltimore Sun.

23. The ACE Policy provides up to One Million Dollars ($1,000,000.00) of liability insurance per occurrence for bodily injury to which the ACE Policy applies.

24. On August 4, 2017, Defendant, through its agents, issued a Certificate of Liability Insurance to Bestgate confirming that both Bestgate and St. John were named additional insureds under the ACE Policy. The Certificate of Liability Insurance states, in pertinent part:

>Bestgate Corporate Center, LLC and St. John Properties, Inc. are additional insureds as respects their interest as landlord of the premises leased by The Baltimore Sun, in accordance with the terms and conditions of the policy.

25. The Occurrence took place during the ACE Policy period.

26. Plaintiffs are additional insureds on a primary and noncontributory basis under the terms of the ACE Policy.

27. The terms of the ACE Policy require Defendant ACE to provide Plaintiffs with a defense in the Tort Cases and to provide coverage to Plaintiffs for the Occurrence and all claims raised in the Tort Cases.

28. Plaintiffs have demanded that Defendant ACE provide them with a defense and indemnification in the Tort Cases and Defendant ACE has refused.

## THE TRAVELERS INSURANCE POLICY

29. Defendant Travelers underwrote and issued an Excess Follow-Form and Umbrella Liability Insurance Policy, Policy No. 21N51057, with effective dates of August 4, 2017 through August 4, 2018 (the "Travelers Policy") to its named insured, the Baltimore Sun.

30. The Travelers Policy provides up to $25,000,000 in liability insurance.

31. The Travelers Policy is a follow-form policy and applies to provide a defense and indemnification on the same basis and under the same terms and conditions as the ACE Policy.

32. The Travelers Policy is triggered to provide a defense and indemnification to those insured under the ACE Policy when the $1,000,000 limits of the ACE Policy are exhausted.

33. The terms of the Travelers Policy require Defendant Travelers to provide coverage and a defense on a primary and noncontributory basis to Plaintiffs for the

Occurrence and in the Tort Cases upon exhaustion of the ACE Policy limits.

34. Pursuant to the terms of the Travelers Policy, the $25,000,000 limits of the Travelers Policy must be exhausted prior to applying any insurance issued to Plaintiffs as the named insureds.

35. Plaintiffs have demanded that Defendant Travelers provide them with a defense and indemnification in the Tort Cases and Defendant Travelers has refused.

## THE TORT CASES

36. On June 24, 2021, the eligible beneficiaries of numerous employees of the Baltimore Sun and/or its affiliates who were killed in the Occurrence, along with several employees who were present for and survived the Occurrence, filed the Tort Cases seeking damages from St. John, Bestgate, the Baltimore Sun, and numerous other defendants for damages allegedly arising out of the Occurrence.

37. The causes of action in the Tort Cases against St. John and Bestgate consist of wrongful death, survival action, and negligence based in premises liability.

38. At all times pertinent to the Tort Cases, the Baltimore Sun leased the Leased Premises under the valid and enforceable Lease.

39. At all times pertinent to the Occurrence and the Tort Cases, the Lease required the Baltimore Sun to name St. John and Bestgate as additional insureds under the commercial general liability insurance and excess policies issued by Defendants.

40. The Lease is an insured contract under the insurance policies.

41. Pursuant to the Lease, the Baltimore Sun is required to indemnify, defend, and hold harmless St. John and Bestgate for all claims, expenses, and costs, including attorneys' fees, for the Occurrence.

42. Pursuant to the Lease and their additional insured status under the ACE Policy and Travelers Policy, St. John and Bestgate tendered their defense in the Tort Cases to Defendants.

43. Defendants denied the tender request and refused to provide a defense to Plaintiffs in the Tort Cases or provide indemnification related to the Occurrence.

44. As a result of Defendants' refusal to provide a defense and indemnification despite the fact that St. John and Bestgate are additional insureds under the ACE Policy and Travelers Policy, St. John and Bestgate have incurred, and continue to incur, attorneys' fees and other costs related to the Occurrence and the Tort Cases.

45. Based upon information and belief, the $1,000,000 limits of the ACE Policy have been exhausted or will soon be exhausted by the attorneys' fees associated with the defense Defendant ACE is providing to the Baltimore Sun in the Tort Cases.

## COUNT I- DECLARATORY JUDGMENT
### (Plaintiffs v. Defendant ACE)

46. St. John and Bestgate hereby incorporate Paragraphs 1 through 45 of this Amended Complaint as if fully stated herein.

47. There exists an actual and justiciable controversy between Plaintiffs and Defendant ACE concerning Plaintiffs' status as additional insureds under the ACE Policy and the requirement for Defendant ACE to provide a defense and indemnification to Plaintiffs as a result of the Occurrence and the Tort Cases.

48. Plaintiffs contend that the ACE Policy applies to provide a defense to and coverage for Plaintiffs on a primary, noncontributory basis and that Defendant ACE is therefore required to defend Plaintiffs in the Tort Cases and indemnify Plaintiffs for any and all losses arising out of the Occurrence and the Tort Cases, including, but not limited

to, Plaintiffs' attorneys' fees.

49. Defendant ACE contends that the ACE Policy does not require Defendant ACE to provide a defense, coverage, or indemnification to Plaintiffs.

50. Plaintiffs seek a declaratory judgment to promptly and definitively resolve the controversy. The judgment requested by Plaintiffs will serve a useful purpose in clarifying and settling the dispute at issue and will provide relief from the uncertainty and controversy giving rise to this action.

WHEREFORE, Plaintiffs St. John Properties, Inc. and Bestgate Corporate Center, LLC respectfully pray for judgment against Defendant ACE American Insurance Company as follows:

    A.    Declaratory judgment declaring that St. John Properties, Inc. and Bestgate Corporate Center, LLC are additional insureds under the ACE Policy for the Occurrence;

    B.    Declaratory judgment declaring that Defendant ACE is required to provide a defense to St. John Properties, Inc. and Bestgate Corporate Center, LLC in the Tort Cases;

    C.    Declaratory judgment declaring that Defendant ACE is required to provide insurance coverage to St. John Properties, Inc. and Bestgate Corporate Center, LLC in the Tort Cases and with respect to the Occurrence;

    D.    Declaratory judgment declaring that Defendant ACE is required to indemnify St. John Properties, Inc. and Bestgate Corporate Center, LLC for all damages, costs, expenses, and attorneys' fees arising out of the Occurrence and the Tort Cases;

E.	Declaratory judgment declaring that the ACE Policy provides coverage to St. John Properties, Inc. and Bestgate Corporate Center, LLC on a primary, noncontributory basis for the Occurrence and the Tort Cases;

F.	Declaratory judgment declaring that the Lease is an insured contract under the ACE Policy;

G.	For an award in favor of St. John Properties, Inc. and Bestgate Corporate Center, LLC for all recoverable costs of suit, including reasonable attorney's fees, incurred herein; and

H.	For any such other and further relief as the Court may deem just and proper.

## COUNT II- DECLARATORY JUDGMENT
### (Plaintiffs v. Defendant Travelers)

51. St. John and Bestgate hereby incorporate Paragraphs 1 through 50 of this Amended Complaint as if fully stated herein.

52. There exists an actual and justiciable controversy between Plaintiffs and Defendant Travelers concerning Plaintiffs' status as additional insureds under the Travelers Policy and the requirement for Defendant Travelers to provide a defense and indemnification to Plaintiffs as a result of the Occurrence and the Tort Cases.

53. Plaintiffs contend that the Travelers Policy applies to provide a defense to and coverage for Plaintiffs in an amount up to $25,000,000 on a primary, noncontributory basis and that Defendant Travelers is therefore required to defend Plaintiffs in the Tort Cases and indemnify Plaintiffs for any and all losses arising out of the Occurrence and the Tort Cases, including, but not limited to, Plaintiffs' attorneys' fees.

54. Defendant Travelers contends that the Travelers Policy does not require

Defendant Travelers to provide a defense, coverage, or indemnification to Plaintiffs.

55. Plaintiffs seek a declaratory judgment to promptly and definitively resolve the controversy. The judgment requested by Plaintiffs will serve a useful purpose in clarifying and settling the dispute at issue and will provide relief from the uncertainty and controversy giving rise to this action.

WHEREFORE, Plaintiffs St. John Properties, Inc. and Bestgate Corporate Center, LLC respectfully pray for judgment against Defendant Travelers Property Casualty Company of America as follows:

A.  Declaratory judgment declaring that St. John Properties, Inc. and Bestgate Corporate Center, LLC are additional insureds under the Travelers Policy for the Occurrence;

B.  Declaratory judgment declaring that Defendant Travelers is required to provide a defense to St. John Properties, Inc. and Bestgate Corporate Center, LLC in the Tort Cases upon the exhaustion of the ACE Policy limits;

C.  Declaratory judgment declaring that Defendant Travelers is required to provide insurance coverage to St. John Properties, Inc. and Bestgate Corporate Center, LLC in the Tort Cases and with respect to the Occurrence upon the exhaustion of the ACE Policy limits;

D.  Declaratory judgment declaring that Defendant Travelers is required to indemnify St. John Properties, Inc. and Bestgate Corporate Center, LLC for all damages, costs, expenses, and attorneys' fees arising out of the Occurrence and the Tort Cases upon the exhaustion of the ACE Policy limits;

E.  Declaratory judgment declaring that the Travelers Policy provides

coverage to St. John Properties, Inc. and Bestgate Corporate Center, LLC on a primary, noncontributory basis for the Occurrence and the Tort Cases upon the exhaustion of the ACE Policy limits;

F.    Declaratory judgment declaring that the Travelers Policy provides coverage and a defense to St. John Properties, Inc. and Bestgate Corporate Center, LLC on a primary, noncontributory basis for the Occurrence and the Tort Cases prior to the application of any insurance policies issued to St. John and Bestgate whether primary or excess;

G.    Declaratory judgment declaring that the Lease is an insured contract under the Travelers Policy;

H.    For an award in favor of St. John Properties, Inc. and Bestgate Corporate Center, LLC for all recoverable costs of suit, including reasonable attorney's fees, incurred herein; and

I.    For any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____/s/_Renee  L.  Bowen_____
Renee L. Bowen, Esq. (#19623)
Franklin & Prokopik
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-3943
(410) 752-6868 (fax)
rbowen@fandpnet.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of September 2022, a copy of the foregoing Amended Complaint was served electronically via CM/EFC upon:

| | |
|---|---|
| Gabriela Richeimer | James P. Ulwick |
| Brett M. Grindrod | Jean Lewis |
| Clyde & Co US LLP | Kramon & Graham, P.A. |
| 1775 Pennsylvania Avenue, 4th Floor | One South Street, Suite 2600 |
| Washington, DC 20006 | Baltimore, MD 21202 |
| *Attorneys for Defendant ACE* | *Attorneys for Intervenor-Defendants* |

John D. Shugrue
J. Andrew Moss
Andrew M. Barrios
Reed Smith, LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
*Attorneys for Intervenor-Defendants*

               /s/
              Renee L. Bowen